# United States District Court
### for the
### Western District of New York

United States of America

v.

**Dwayne Gordon**

*Defendant*

Case No. 24-MJ- 5076

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 1, 2024, in the Western District of New York, the defendant DWAYNE GORDON, knowing that he had previously been convicted on or about January 23, 2023, in United States District Court for the Northern District of Georgia, and on or November 26, 2012 and March 11, 2009, in County Court, Erie County, New York, of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearms, namely, one (1) SCCY DVG-1 9 mm handgun, serial number D018204; one (1) SCCY DVG-1 9 mm handgun 018219; one (1) SCCY DVG-1 9 mm handgun, serial number D018207, and (1) Black Combat Armory 9 mm handgun, serial number 99010016; all in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(8).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

TIMOTHY FUDELLA
Digitally signed by TIMOTHY FUDELLA
Date: 2024.05.01 14:53:06 -04'00'

*Complainant's signature*

TIMOTHY FUDELLA
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives
*Printed name and title*

Sworn to and subscribed telephonically

Date: May 1, 2024

*Judge's signature*

HON. MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS:
CITY OF BUFFALO   )

I, **TIMOTHY L. FUDELLA**, Special Agent of Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, having been duly sworn, states as follows:

### INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), *et seq.* and Title 21, United States Code, Section 801. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2. I have been an ATF Special Agent since September of 2015. I am assigned to the Buffalo Field Office, New York Field Division. I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. My primary duties as an ATF Special Agent include investigating violations of federal firearms laws including illegal firearm trafficking, unlawful possession of firearms, and the possession of firearms during the commission of drug trafficking crimes and crimes of violence. Additionally, prior to becoming an ATF Agent, I

was employed by United States Customs and Border Protection as a United States Customs and Border Protection Officer for approximately six years.

3.  During my time as an ATF Special Agent, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. I have personally conducted and/or assisted in investigations of criminal acts involving violations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, fentanyl, cocaine, cocaine base and other substances, in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922 and 924. Additionally, I have also participated in interviews and debriefings of individuals involved in firearms and narcotics trafficking. I am familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the illegal trafficking of firearms and illegal drugs.

4.  This affidavit is submitted in support of a criminal complaint against **Dwayne GORDON**, for violations of Title 18 United States Code, Section 922(g)(1) (possession of a firearm by a felon). This affidavit is begin submitted for a limited purpose, that is, a probable cause determination. Therefore, I have not presented all of the facts of the investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and

2

experience, and information obtained from law enforcement officers and witnesses, as well as Buffalo Police Department and ATF reports.

## PROBABLE CAUSE

5. On May 1, 2024, law enforcement officers obtained a search warrant, signed by the Honorable Phillip Dabney, Buffalo City Court Judge, commanding the search and seizure of a 2019, grey in color Mazda 6 Sedan, bearing New York registration JGC9698, with Vehicle Identification Number (VIN)JM1GL1UM6K1501609, NY 14215, and the person of **GORDON**, and granting permission to search and photograph all areas of the vehicle and persons. Your affiant, along with members of the Buffalo Police Department Intelligence unit, Erie County Sheriffs Office, executed the search warrant on the morning of May 1, 2024.

6. Law enforcement did observe the target vehicle traveling northbound on US 219. Law enforcement maintained surveillance until a traffic stop of the vehicle was conducted near the intersection of Peters Road in Springville, New York. GORDON was observed operating the vehicle and was called out of the vehicle by law enforcement. GORDON's girlfriend Latasha Strom was in the passenger seat and, a Cecil Clay was in the back seat of the vehicle. After the occupants were removed from the vehicle. The vehicle was transported under law enforcement custody to the Buffalo Police Garage where a search of the vehicle was performed. Behind the back seat secreted under carpet law enforcement located four handguns. These handguns are described as followed (1) Maroon SCCY DVG-1 9mm handgun Serial Number D018204, (1) Orange SCCY DVG-1 9mm handgun serial number D018219, (1) Green SCCY DVG-1 9mm handgun serial number D018207 and, (1)

3

Black Combat Armory 9mm handgun bearing serial number 99010016. Under the center console law enforcement located a box of 9mm ammunition.

7.	GORDON, Strom, and Clay were transported to the Buffalo Police Headquarters where they were placed in separate interview rooms. GORDON was provided Miranda warnings and after acknowledging his rights, he agreed to speak with investigators. In sum and substance GORDON initially denied any knowledge of firearms and any ownership of firearms. GORDON did state he was on federal probation for providing false information to a licensed firearms dealer. After further questions GORDON did acknowledge ownership of the firearms. GORDON explained that there were four firearms in the car with one being burgundy, one being orange, one green and the other black in color. GORDON described the location where the firearms were secreted, stating the guns were behind the back seat under the carpet. GORDON stated that his girlfriend and cousin had nothing to do with the recovered firearms.

8.	Strom was provided Miranda warnings and after acknowledging her rights, she agreed to speak with investigators. In sum and substance Strom denied possession and knowledge of any firearms found in the vehicle. Strom explained that they recently traveled to North Carolina from Buffalo to visit family and to check in with GORDON's probation officer.

9.	Clay was provided Miranda warnings and after acknowledging his rights, he requested an attorney. Clay appeared to be and also claimed to investigators to have a mental deficiency. Law enforcement did not question Clay any further.

10. The firearms seized in connection with this investigation meet the definition of a firearm as per Title 18, United States Code, Section 921(a)(3) because they were designed to expel a projectile by the action of an explosive. Law enforcement officers were able to determine that the above-mentioned firearms were manufactured outside of New York State, both of which would have travelled in, and affected, interstate commerce prior to being recovered in New York State.

11. A review of GORDON's criminal history indicates that on or about January 23, 2023, GORDON plead guilty in United States District Court, Northern District of Georgia, for the crime of Scheme to Defraud the United States, a crime punishable by more than one year in prison. GORDON was sentenced to forty months in prison (with credit for time served), with thirty-six months post-supervision release. On or about November 26, 2012, GORDON plead guilty in Erie County Court, Erie County, New York, for the crime of Attempted Robbery First Degree, a crime punishable by more than one year in prison. GORDON was sentenced to seven years in prison, with five years' post-supervision release. On or about March 11, 2009, GORDON plead guilty in Erie County Court, Erie County, New York, for the crime of Criminal Possession of a Weapon, a crime punishable by more than one year in prison. GORDON was sentenced to forty-two in prison, with five years' post-supervision release.

12. **WHEREFORE**, based on the above information, your affiant respectfully submits there is probable cause to believe that **Dwayne GORDON**, did knowingly and

5

unlawfully violate Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon).

_____
TIMOTHY FUDELLA
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Digitally signed by TIMOTHY FUDELLA
Date: 2024.05.01 14:55:38 -04'00'

Sworn to and subscribed telephonically,

This _1st_ day of May 2024

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge