IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                           1:24CR-101

DWAYNE GORDON,

                Defendant.

_____

### PLEA AGREEMENT

The defendant, **DWAYNE GORDON**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearms), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.      ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      that the defendant knowingly possessed firearms, as charged in the Indictment;

b.      that at the time the defendant possessed the firearms, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

c.      that at the time the defendant possessed the firearms, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and,

d.      that the possession of the firearms was in or affecting interstate commerce.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

   a.      On or about May 1, 2024, in the Western District of New York, the
           defendant, DWAYNE GORDON, knowing that he had been
           previously convicted of crimes punishable by a term of imprisonment
           exceeding one year, unlawfully did knowingly possess, in and affecting
           interstate commerce, firearms.

   b.      On May 1, 2024, members of the Buffalo Police Department
           Intelligence Unit executed a search warrant on a 2019, grey in color
           Mazda Sedan, along with the person of Dwayne GORDON. The
           defendant had utilized the vehicle to travel from Buffalo, New York, to
           North Carolina to obtain firearms to bring back to the Buffalo, New
           York, area. Law enforcement officers observed the defendant traveling
           northbound on US 219 from North Carolina and executed the search
           warrant when the defendant arrived in the Western District of New
           York.

   c.      During a search of the vehicle, officers recovered the following firearms:
           a maroon SCCY DVG-1, 9 mm pistol, serial number D018204; an
           orange SCCY DVG-1, 9 mm pistol, serial number D018219; a black,
           Combat Armory, 9 mm pistol, serial number 99010016; and a green
           SCCY DVG-1, 9 mm pistol, serial number D018207. Officers also
           recovered one box of 9 mm ammunition. Officers recovered the four
           firearms from the back seat area underneath the seat cushion. The
           defendant later admitted to officers that the firearms belonged to him,
           and he described the location they were stored and the manner in which
           they were stashed.

   d.      The defendant admits that, on May 1, 2024, the defendant knew that he
           had previously been convicted of crimes punishable by imprisonment
           for a term exceeding one year, namely, Criminal Possession of a
           Weapon, 2d Degree (a Class C felony); Attempted Robbery, 1st Degree
           (a Class C felony), and Conspiracy to Defraud the United States (a
           federal Class D felony).

   e.      Neither the State of New York nor any other government authority has
           restored the rights of the defendant to lawfully possess a firearm.

   f.      The defendant admits that the firearms were obtained by him outside
           the State of New York, and, therefore, traveled in and affected interstate
           commerce prior to their recovery in the Western District of New York.

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government maintains that Guidelines § 2K2.1(a)(4) applies to the offense of conviction and provides for a Base Offense Level of **20**.

7.    The defendant maintains that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a Base Offense Level of **12.**

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENT

8.    The government and the defendant agree that the following specific offense characteristic does apply:

a.    the two-level (2) increase pursuant to Guidelines § 2K2.1(b)(1)(A) (Offense involved between 3-7 firearms).

### ADJUSTED OFFENSE LEVEL

9.    Based on the foregoing, the government maintains the adjusted offense level for the offense of conviction is **22**, and the defendant maintains that the adjusted offense level for the offense of conviction is **14**.

### ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of

responsibility), and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **19** if the government's calculations apply, and a level of **12** (since the additional one (1) level decrease of Guidelines § 3E1.1(b) does not apply to a base level offense under 16) if the defendant's calculations apply.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is **V**.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.    It is the understanding of the government and the defendant that:

a.  If the government's calculations apply, with a total offense level of **19** and criminal history category of **V**, the defendant's sentencing range would be a term of imprisonment of **57 to 71** months, a fine of **$10,000 to $100,000**, and a period of supervised release of **1 to 3** years.

b.  If the defendant's calculations apply, with a total offense level of **12** and criminal history category of **V**, the defendant's sentencing range would be a term of imprisonment of **27 to 33** months, a fine of **$5,500 to $55,000**, and a period of supervised release of **1 to 3** years.

c.  Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

5

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which

6

is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

17.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement;

e.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

20.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **27 to 33** months, a fine and supervised release set forth in Section III, ¶ 12(a), above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.


21.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.


22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment **27 to 33** months, a fine and supervised release set forth in Section III, ¶ 12(b), above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal

8

from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

23.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to the immediate entry of a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which are in the possession and control of the defendant or the defendant's nominees.  That property includes the following seized on or about May 1, 2024 from a vehicle at 219 Peters Road, Springville, New York:

### FIREARMS AND AMMUNITION

a.  One (1) maroon SCCY DVG-1, 9 mm handgun, bearing serial number D018204;
b.  One (1) orange SCCY DVG-1, 9 mm handgun, bearing serial number D018219;
c.  One (1) green SCCY DVG-1, 9 mm handgun, bearing serial number D018207;
d.  One (1) black Combat Armory CA, 9 mm handgun, bearing serial number 99010016; and
e.  One (1) box of 9 mm ammunition.

24.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the

Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

25.      The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

26.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the aforementioned property.

27.     The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

28.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms and ammunition survives and shall be given full force and effect.  The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

29.     The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent

and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

30.   This plea agreement represents the total agreement between the defendant, **DWAYNE GORDON**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
STACEY N. JACOVETTI
Assistant United States Attorney

Dated: November 7, 2024

I have read this agreement, which consists of pages 1 through 12.  I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Bagley, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____          _____
DWAYNE GORDON                            JEFFREY BAGLEY, ESQ.
Defendant                                Attorney for the Defendant

Dated:  November ___, 2024               Dated:  November ___, 2024

13